KEVIN LaSTRAPPE          ]
    Plaintiff,          ]
                  ]
v.          ]          No. 3:10-0652
                  ]          Judge Trauger
DARON HALL          ]
    Defendant.          ]


## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Daron Hall, Sheriff of Davidson County, seeking damages.

The plaintiff complains about conditions of his confinement at the Davidson County Criminal Justice Center. More specifically, he claims that, on one occasion, he was forced to eat a sack lunch for breakfast rather than a "hot tray". In addition, he avers that there was a two week period during which the air conditioning was inoperative and his housing unit was cooled with a fan.

The plaintiff can not sue the defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or

indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the defendant had knowledge of the plaintiff's grievances or participated, either directly or indirectly, in the alleged wrongful acts. In fact, the defendant is never mentioned in the plaintiff's Statement of Facts. As a consequence, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendant upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.


Aleta A. Trauger
United States District Judge